AUER v. THE CITY OF DUBUQUE.

1. **Constitutional Law**: TAXATION: RIGHT TO NOTICE AND HEARING: DUE PROCESS OF LAW. If there is or can be any ground upon which a tax can be upheld which has been levied without notice to the tax-payer, and without an opportunity to be heard, it is incumbent upon the party claiming its validity to show that a notice would have been unavailing, on account of the want of discretion in the persons clothed with the power to make the assessment and levy, or for some other reason; and, as such showing has not been made in this case, the tax must be declared invalid. Compare *Gatch v. City of Des Moines*, 63 Iowa, 718, and *Trustees of Griswold College v. City of Davenport*, ante, p. 633.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, APRIL 8.

THIS is an action in *certiorari*, by which the plaintiff seeks to annul and set aside a special tax levied upon his property to pay for paving part of one of the streets of the city. It is averred in the petition that the tax was assessed and levied without any notice to the plaintiff, and without any opportunity being given him to appear and be heard in relation thereto. A writ of *certiorari* was issued, and upon a return thereto the cause was tried by the court, and a judgment was rendered annulling the assessment and levy. Defendant appeals.

*D. J. Lenehan*, for appellant.

*Henry Michel*, for appellee.

ROTHROCK, J.—It appears from the record before us that on the second day of July, 1883, the city council of the defendant passed a resolution ordering that a part of Brad street in said city should be graded, curbed, guttered and macadamized, and that the city engineer should make the necessary plans and specifications for said improvements, and that the city recorder should give notice for bids and proposals for the performance of the work; "the guttering, curbing, and macadamizing to be done at the expense of the abutting property." The contracts were let and the work done, and on the first day of October, 1883, the city council levied a tax of $127.83 upon a lot owned by the plaintiff, and which abutted on that part of the street where the improvement was made. The plaintiff had no notice that a levy would be made upon his lot, and had no opportunity given him to appear before the council and be heard in relation thereto. The ordinance of the city authorizing the levy of taxes for such improvements made no provision for notice to the owners of property of the time and place of the levy.

The court below followed the case of *Gatch v. City of Des Moines*, 63 Iowa, 718. The decision in that case has since been vigorously assailed in the case of *Trustees of Griswold*

*College v. City of Davenport*, *ante*, p. 633.   A rehearing was granted in the last-named case, and the original opinion was adhered to, upon the ground that, under the ordinance of the city of Davenport authorizing the levy, the ascertainment of the amount of the tax was not necessarily a mere mathematical calculation, but judgment and discretion were required to be exercised by the city council in determining whether part or all of the cost of the improvement should be assessed against adjacent lots and lands, and that the case, therefore, differed in no essential respect from that class of cases where the cost of an improvement is to be apportioned among property owners according to benefits.

In the case at bar, it was incumbent on the defendant to show by its return to the writ, and upon the trial, that the tax in question was such that a notice to the owner, and an opportunity to be heard before the levy became conclusive upon him, would have been of no avail to him.   No such showing was made.   All that is shown is that there was an ordinance which authorizes the cost of the improvement to be levied upon the abutting property.   It does not appear whether the levy was required to be made according to the area of the lots, or to the lineal feet front, or to the value of the lots, or whether the council had any discretion in regard to how the levy should be made.   In view of the legislation of this state from the beginning, as shown in *Gatch's Case*, if there is or can be any ground upon which a tax can be upheld which has been levied without notice to the tax-payer, and without an opportunity to be heard, it is incumbent upon the party claiming its validity to show that a notice would have been unavailing.   In this case it is impossible to ascertain from the levy itself how or in what manner the amount of the tax was ascertained.

AFFIRMED